# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>Willie B. Hunter, Sr.,<br>     Debtor<br><br>PHH Mortgage Corporation as attorney in fact for Cascade Funding Mortgage Trust HB1,<br>     Movant<br>v.<br><br>Willie B. Hunter, Sr.,<br>     Debtor/Respondent<br><br>KENNETH E. WEST, Esquire<br>     Trustee/Respondent | Bankruptcy No. 20-12564-mdc<br><br>Chapter 13<br><br>Hearing Date: May 10, 2022<br>Hearing Time: 10:30am<br>Location: Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Suite 202, Philadelphia, PA 19107 |

**MOTION OF PHH MORTGAGE CORPORATION AS ATTORNEY IN FACT FOR CASCADE FUNDING MORTGAGE TRUST HB1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT PHH MORTGAGE CORPORATION AS ATTORNEY IN FACT FOR CASCADE FUNDING MORTGAGE TRUST HB1 TO FORECLOSE ON 30 ROUNDABOUT LANE, LEVITTOWN, PENNSYLVANIA 19055**

Secured Creditor, PHH Mortgage Corporation as attorney in fact for Cascade Funding Mortgage Trust HB1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Willie B. Hunter, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on June 8, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and

statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On November 7, 2005, Willie Bob Hunter executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note up to a maximum amount of $270,000.00 to AAKO Inc., d/b/a Boulevard Mortgage Company of PA. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 21, 2005 in Instrument Number 2005165563 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 30 Roundabout Lane, Levittown, Pennsylvania 19055, ("the Property").

6. The loan was lastly assigned to Cascade Funding Mortgage Trust HB1 and same was recorded with the Bucks County Recorder of Deeds on April 8, 2021, as Instrument Number 2021033064. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No. 28), the Debtor intends to cure Secured Creditor's pre-petition arrerages within the Chapter 13 Plan and is responsible for maintaining the post-petition obligations outside of the Plan. A true and correct copy of the Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. The terms and conditions of the Note and Reverse Mortgage are in default due to Debtor's failure to perform an obligation under the Reverse Mortgage by failing to maintain property taxes which Secured Creditor advanced in the amount of $2,985.95, $3,714.61, and $858.87 on September 16, 2021, February 8, 2022, and March 17, 2022, respectively.

9. Thus, Debtor(s)' arrearage totaled the sum of $7,559.43 through March 31, 2022.

10. As of March 31, 2022, the current unpaid principal balance due under the loan documents is approximately $220,043.75. Movant's total claim amount, itemized below, is approximately $244,851.15. See Exhibit "E."

| | |
|---|---|
| Principal Advances | $220,043.75 |
| Interest | $15,117.05 |
| Corporate Advances | $9,207.59 |
| Intra Month Per Diem Total | $482.76 |
| Total Amount Due | $244,851.15 |

11. According to the Debtor(s)' schedules, the value of the property is $196,000.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "F."

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on the secured obligation having failed to maintain the post-petition property tax liability which Secured Creditor was forced to advance.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit PHH Mortgage Corporation as attorney in fact for Cascade Funding Mortgage Trust HB1 to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: April 14, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com